1  PETER P. EDRINGTON, Esq. (074355)
   JAMES M. MARZAN, Esq. (133931)
2  EDRINGTON, SCHIRMER & MURPHY
   2300 Contra Costa Boulevard, Suite 450
3  Pleasant Hill, CA 94523-3936
   Telephone: (925) 827-3300
4  Facsimile: (925) 827-3320

5  Attorneys for Defendant
   FREMONT UNIFIED SCHOOL DISTRICT
6

7

8                UNITED STATES DISTRICT COURT

9           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 LUANNE HESS,                    ) CASE NO.: C-08-02400 MMC
                                   )
12         Plaintiff,              ) DECLARATION OF DOLORES M.
                                   ) DONOHOE IN SUPPORT OF NOTICE OF
13     vs.                         ) PENDENCY OF OTHER ACTION OR
                                   ) PROCEEDING (CIVIL L.R. 3-13)
14 FREMONT UNIFIED SCHOOL DISTRICT,)
   a public entity,                )
15                                 )
           Defendant.               )
16 _____)

17     I, DOLORES M. DONOHOE, do hereby declare as follows:

18     1.    I am an attorney at law licensed to practice in the State of California and am a

19 associate in the law firm of Edrington, Schirmer & Murphy, attorneys of record for defendant

20 herein. I have sufficient knowledge of the facts set forth herein and can competently testify thereto

21 if called upon as a witness.

22     2.    Attached hereto as Exhibit "A" is a true and correct copy of the state action filed by

23 WILLIAM HESS, LUANNE HESS and DOT EGGERLING.

24     I declare under penalty of perjury under the laws of the State of California that the

25 foregoing is true and correct and that this declaration is executed at Pleasant Hill, California, on

26 //

27                                          1
   DECLARATION OF DOLORES M. DONOHOE IN SUPPORT OF NOTICE OF PENDENCY OF OTHER
28 ACTION OR PROCEEDING (CIVIL L.R. 3-13)

1 | July 17, 2008.                                    _[signature]_
2 |                                            DOLORES M. DONOHOE

# EXHIBIT "A"

JOHN N. KITTA, ESQ. (SBN 71504)
A.K. ABRAHAM (SBN 86870) Of Counsel
JOHN N. KITTA & ASSOCIATES
39560 Stevenson Place, Suite 217
Fremont, CA 95436
Telephone: 510.797.7990
Fax: 510.745.8606

CHARLES G. WILLIAMS (SBN 172907)
ATTORNEY AT LAW
33245 Sandpiper Place
Fremont, CA 94555
Telephone: 510.675.9137

Attorneys for Plaintiffs
WILLIAM HESS, LUANNE HESS
and DOT EGGERLING

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 5 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM HESS, LUANNE HESS, and, DOT EGGERLING, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT, a public entity, and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. RG 08372899<br><br>**PLAINTIFFS' COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF AND INJUNCTIVE RELIEF**<br><br>**CLASS ACTION**<br><br>(An individual, and a representative action on behalf of all similarly situated persons for):<br><br>1) Non-payment of Wages;<br>2) *Quantum Meruit*;<br>3) Declaratory and Injunctive Relief |

Comes now Plaintiffs William Hess, Luanne Hess, and Dot Eggerling, by and through their attorneys of record, JOHN N. KITTA & ASSOCIATES and CHARLES G. WILLIAMS, Attorney at Law, who assert the following claims for monetary damages and declaratory and injunctive relief against Defendant Fremont Unified School District.

1

## JURISDICTION AND VENUE

1. This court has jurisdiction because plaintiffs at all times herein mentioned were individuals residing in the State of California within the County of Alameda. At all times mentioned herein, Defendant Fremont Unified School District has been a public entity located and doing business in the County of Alameda. In addition, all of the acts, omissions, and other events complained of herein occurred in the County of Alameda.

2. This court has venue of this action under California Code of Civil Procedure Section 395 because the wrongful conduct occurred in the County of Alameda, all or most of the parties hereto reside within this County, and Defendant Fremont Unified School District, through its various directors, managers, employees, and agents operated within this County and, upon information and belief maintained the business and other records related to the wrongful conduct within this County.

## PARTIES

3. Plaintiffs William Hess, Luanne Hess, and Dot Eggerling are and were, at all times relevant herein, residents of the County of Alameda. As described below, throughout the applicable statute of limitations period, Defendant Fremont Unified School District employed Plaintiffs William Hess, Luanne Hess, and Dot Eggerling as Vandal Watchers within its Vandal Watch Program.

4. In addition to themselves, jointly and severally, Plaintiffs William Hess, Luanne Hess, and Dot Eggerling bring this action as a common action pursuant to California Code of Civil Procedure, Section 382 on behalf of all other persons who Defendant employed as Vandal Watchers at any point in time during the applicable statute of limitations period. Plaintiffs William Hess, Luanne Hess, and Dot Eggerling are informed and believe that the District employed such other persons (hereinafter, the "Other Vandal Watchers") under the same or substantially similar terms and conditions as Plaintiffs William Hess and Luanne Hess and committed the same unlawful conduct through the same or substantially the same policies and practices directed toward Plaintiffs William Hess, Luanne Hess, and Dot Eggerling. The Other Vandal Watchers similarly resided in the County of Alameda at all periods of time relevant to

1  this action. Plaintiffs William Hess, Luanne Hess, and Dot Eggerling hereby further refer to themselves and the Other Vandal Watchers herein, collectively as "Plaintiffs."

5.    Defendant Fremont Unified School District is, and at all times relevant herein has been, a California public entity engaged in the business of operating a public school district within the County of Alameda. The District has its main offices at 4210 Technology Drive, Fremont, California.

6.    The full extent of the facts linking the fictitiously named Defendant with each of the respective causes of action contained herein is currently unknown to Plaintiffs. The true names and capacities, whether individual, plural, corporate, partnership, associate, or other otherwise, of Does 1 through 50 are unknown to Plaintiffs at this time. Plaintiffs therefore sue said Defendants by fictitious names and will seek leave of court to amend this Complaint to show their true names and capacities when ascertained. Said Defendants are sued as principals, directors, managers, employees, or other agents of Defendant Fremont Unified School District who performed such acts within or outside of the scope of their authority or employment. Based on information and belief, Plaintiffs allege that each and every Defendant designated as a DOE was responsible for the acts, omissions, and other events referred to herein and in some manner caused the injuries and other damages to Plaintiffs alleged herein. Plaintiffs will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.

7.    Plaintiffs further assert that, at all times mentioned herein, each of the Defendants, including the Doe Defendants, was acting in concert with or for some or all of the other Defendants and approved, ratified, and adopted the wrongful conduct of each other.

## GENERAL BACKGROUND FACTS

8.    Defendant Fremont Unified School District ("the District") is a California public school district. The District currently operates approximately 40 distinct public schools within its authorized school district.

9.    In or about 1977, the District implemented and began operating a Vandal Watch Program. Under the District's Vandal Watch Program, the District began employing various persons, whom the District referred to as "Vandal Watchers," to reside full time on space at

3

various schools which the District leased to those Vandal Watchers as part of employment relationship.

10. From 1977 through the present, the District has continued to employ Vandal Watchers under the same, or substantially the same, terms and conditions as Plaintiffs.

11. Consistent with Plaintiffs' status as employees of the District, throughout the statute of limitations period applicable to this action, the District implicitly and expressly treated Plaintiffs as employees for all purposes. Among other acts, the District maintained Plaintiffs as employees for various business purposes; maintained Plaintiffs as employees covered under the District's workers' compensation insurance policies and practices; subjected Plaintiffs to various employee rules and procedures; and required Plaintiffs to be evaluated by, and subject to the right to control of, various supervisory employees of the District.

12. The District also assigned Plaintiffs various job duties and responsibilities. This included the responsibilities to: (a) conduct numerous patrols of the District's school grounds on a daily basis; (b) report these patrols and related findings to the District on a periodic basis set by the District; (c) prepare detailed logs and other reports for the District; (d) perform the type of repairs and maintenance performed by other District employees; and (e) be "first responders" to any emergency, perceived emergency, and non-emergency situations on school grounds, including those situations caused by vandals, fire, security, or other alarms, or other circumstances occurring at any point in time when school was not in session. The periods when "school was not in session" included early evenings through early mornings during the academic school year and at all times when students were not attending school due to summer or holiday breaks.

13. Throughout the period of time the District employed Plaintiffs, the District retained the right to terminate Plaintiffs' employment at will and retained and exercised the right to direct and control the manner by which Plaintiffs performed their respective job duties for the District. At no time did the District require Plaintiffs to maintain an independent business license or take any steps to ensure Plaintiffs had such license. Nor were Plaintiffs ever in any position to incur any profit or loss as a result of Plaintiffs' efforts on behalf of, and at, the

District's direction. In addition, Plaintiffs were required to reside, on a full-time basis, on the District's property.

14. Although the District continuously employed Plaintiffs throughout the applicable statute of limitations period, the District failed to pay Plaintiffs at a rate equal to the then applicable minimum hourly wage for each hour actually worked by Plaintiffs as mandated by California State Law. The District similarly failed to pay Plaintiffs at the then applicable overtime rate of pay mandated by California State law for all overtime all hours actually worked by Plaintiffs, respectively.

15. Despite knowing that its pay arrangement violated the California Labor Code and related regulations, as a condition of employment the District repeatedly required Plaintiffs to execute written agreements purporting to limit the compensation to which Plaintiffs were lawfully entitled (hereinafter, "the Unlawful Agreements"). In short, rather than comply with the applicable provisions of the California Labor Code, the District intentionally sought to violate the law and to secret its unlawful policies and practices from Plaintiffs through various means, including, but not limited to, through the use of the Unlawful Agreements.

16. Consistent with its intentional and otherwise unlawful pay policies and practices, and its intent to conceal those practices and to deter Plaintiffs from calling attention to these unlawful polices and practices, contrary to its general employment practices, the District specifically did not maintain accurate and contemporaneous time records of all hours worked by Plaintiffs or provide Plaintiffs with itemized wage statements reflecting hours actually worked by Plaintiffs, respectively.

**FIRST CAUSE OF ACTION**

**(Against Defendant Fremont Unified School District)**

**<u>NON-PAYMENT OF WAGES</u>**

(California Labor Code)

17. Plaintiffs hereby fully incorporate those allegations contained in paragraphs 1-16 above, as if fully set forth herein.

18. Throughout the statute of limitations period applicable to this action, the District

1  failed to pay Plaintiffs at the then applicable minimum wage rate required under California State
2  law for each hour actually worked by Plaintiffs and failed to pay Plaintiffs at the then applicable
3  minimum overtime hourly rate required under California State law.

4      19.    As a result of the District's failure to pay Plaintiffs their respective wages due at
5  the required rates for all hours worked during the statute of limitations period, the District is now
6  liable for payment of those wages due in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Quantum Meruit)

9      20.    Plaintiffs hereby fully incorporate those allegations contained in paragraphs 1-19
10 above, as if fully set forth herein.

11     21.    Throughout the applicable statute of limitations period, Plaintiffs provided
12 valuable services to the District. These services were of substantial benefit to the District. For
13 example, as a result of the services Plaintiffs provided to the District, the District reduced its
14 costs related to: campus patrols, vandalism to the District's property, responding to various
15 emergencies, including those costs related to responses which otherwise would have been
16 delayed, and forms of deterrence to vandalism other than through Plaintiffs. Although the
17 District received these valuable services from Plaintiffs, the District failed to pay the reasonable
18 value of these services.

19     22.    Accordingly, the District is now liable in *quantum meruit* to Plaintiffs for the
20 reasonable value of the services Plaintiffs' respectively to the District.

## THIRD CAUSE OF ACTION

### (Declaratory and Injunctive Relief)

23     23.    Plaintiffs hereby fully incorporate those allegations contained in paragraphs 1-22,
24 above, as if fully set forth herein.

25     24.    The District has consistently failed to comply with its lawful obligations to
26 Plaintiffs throughout the applicable statute of limitations period and for at least twenty five years
27 beyond the statute of limitations period. The District's failure to comply with its legal
28 obligations toward Vandal Watchers is thus systemic, ongoing, and unlikely to change absent

judicial intervention. Plaintiffs accordingly request declaratory and injunctive relief in the form of an order: (a) declaring that it is a violation of California wage and hour laws for the District to fail to pay Vandal Watchers those minimum and overtime wages earned based on hours actually worked; (b) declaring that the District's use of the Unlawful Agreements violates California law; (c) enjoining the District from requiring that Vandal Watchers execute the Unlawful Agreements as a condition of employment; and (d) enjoining the District from failing to pay Vandal Watchers all minimum and overtime wages required pursuant to California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For unpaid wages due under the California Labor Code in an amount according to proof;

2. For the reasonable value of Plaintiffs' respective services to the District in respective amounts according to proof;

3. For such declaratory and injunctive relief as necessary to compel the District's compliance with California wage and hour laws regarding the District's Vandal Watch Program;

4. For reasonable costs and attorney's fees pursuant to Gov't. Code Section 926.15 *et seq.*, California Code of Civil Procedure, Sections 1021 *et. seq.* and all other applicable provisions of California law; and

5. For such other and further relief as the Court deems necessary and proper.

DATED: January __, 2008

JOHN N. KITTA, ESQ.
A.K. ABRAHAM, ESQ. (Of Counsel)
JOHN N. KITTA & ASSOCIATES

_/s/ John N. Kitta_
JOHN N. KITTA
ATTORNEYS FOR PLAINTIFFS
WILLIAM HESS, LUANNE HESS and
DOT EGGERLING

7