PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, Esq. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HESS,<br><br>      Plaintiff,<br><br>Vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br>a public entity,<br><br>      Defendant. | CASE NO.: C-08-02399 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ACTION PENDING RESOLUTION OF CLAIMS PENDING IN CONCURRENT STATE ACTIONS**<br><br>**Date: October 18, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 2** |

Defendant FREMONT UNIFIED SCHOOL DISTRICT (hereinafter "DISTRICT") submits the following Memorandum of Points and Authorities in support of its Motion for Stay of federal court actions pending resolution of similar claims pending in concurrent state court actions.

## I.    INTRODUCTION

### A.    Federal Court Actions.

Plaintiffs Dot Eggerling, William Hess and Luanne Hess filed three separate federal actions on May 9, 2008, seeking past wages and overtime pay under the Fair Labor Standards Act ("FLSA"). Although these cases have been coordinated for purposes of Case Management, both

1

1  plaintiff and defense counsel have stipulated to consolidate the actions, which is pending. The
2  actions are:

3      1.    <u>Dot Eggerling v. Fremont Unified School District</u> - Case No. C-08-02401 JSW;

4      2.    <u>Luanne Hess v. Fremont Unified School District</u> - Case No. C-08-02400 JSW;

5      3.    <u>William Hess v. Fremont Unified School District</u> - Case No. C-08-02399 JSW.

6      All three lawsuits arise out of the same facts and circumstances: surveillance services
7  plaintiffs performed under the DISTRICT's Vandal Watch Program.

8  **B.    State Court Actions.**

9      Plaintiffs William Hess, Luanne Hess and Dot Eggerling also filed an earlier lawsuit in
10  state court seeking past wages and overtime pay under the California Labor Code: <u>William Hess,</u>
11  <u>et al. v. Fremont Unified School District, et al.</u>, Alameda County Superior Court Case No.
12  RG08372899.  The <u>Hess</u> state court action was filed on February 25, 2008, and is presently
13  pending.  This state court action arises out of the same facts and circumstances as plaintiffs'
14  federal court action: surveillance services plaintiffs performed under the DISTRICT's Vandal
15  Watch Program.  In addition to back wages and overtime pay, plaintiffs seek declaratory and
16  injunctive relief and seek relief on behalf of all DISTRICT vandal watchers.

17      There is another state court action which also arises out of the DISTRICT's Vandal
18  Watch Program and seeks back wages and overtime pay under the California Labor Code: <u>Russ,</u>
19  <u>et al. v. Fremont Unified School District</u>, Alameda Superior Court Case No. HG-05239834.  The
20  <u>Russ</u> state court action arises out of the same facts and circumstances as plaintiffs' federal court
21  action: surveillance services plaintiffs performed under the DISTRICT's Vandal Watch Program.
22  The <u>Russ</u> plaintiffs are also represented by the attorneys for Dot Eggerling, William Hess and
23  Luanne Hess.  The <u>Russ</u> case is currently in the California Court of Appeal after the trial court
24  granted summary judgment in favor of the DISTRICT.

25      By this motion, the DISTRICT seeks to stay the three federal court actions until such time
26  as the two state court actions have been decided.

27

28  / / /

## II.    FACTS

These lawsuits arise out of the lease of school property to plaintiffs for residential use under the DISTRICT's Vandal Watch Program in exchange for surveillance services at school sites during off-hours.   The DISTRICT asserts that such lease arrangements are authorized by California Education Code Section 17574.   Plaintiffs filed separate complaints seeking wages and overtime pay for their services pursuant to FLSA, 29 U.S.C. Section 207(A) et seq.  Plaintiffs also sought wages and overtime pay pursuant to California Labor Code Section 1194 et seq., in state court.  Specifically, plaintiffs claim they worked 16 compensable hours per day but were only paid for one hour a month.

The DISTRICT contends that plaintiffs signed lease agreements with the DISTRICT pursuant to California Education Code Section 17574, which allows the residential use of land at school sites.   In return, plaintiff agreed to maintain surveillance of the grounds.   It is the DISTRICT's position that it complied with the terms of the lease agreement by providing plaintiffs with land for their mobile homes in exchange for their vandal watch services and that plaintiffs are owed nothing.

## III.    LEGAL ARGUMENT

In <u>Colorado River Water Conservation Dist. v. United States</u> 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court upheld a federal court abstention in exercising its jurisdiction in favor of concurrent and parallel state proceedings where doing so would serve the interests of "wise judicial administration," giving regard to the conservation of judicial resources and comprehensive disposition of litigation.   (<u>Id.</u> at 816.)   At issue in <u>Colorado River</u> was dismissal of the federal action under the abstention doctrine for the determination of water rights. Courts have applied the ***Colorado River Doctrine*** to determine whether a federal action should be stayed in favor of a similar pending state action.

Exact parallelism between the claims is not required for application of the *Colorado River* doctrine, it is enough if the two proceedings are "substantially similar."  <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1416-17 (9th Cir.1989). <u>Daugherty v. Oppenheimer</u> Slip Copy 2007 WL 1994187, page 2.

1    Under <u>Colorado</u> River, the federal and state court actions are substantially similar and

2  involve the same facts and circumstances pertaining to the DISTRICT's Vandal Watch Program.

3    The <u>Daugherty</u> case cited above involved a class/collective action stemming from claims

4  under federal and state law.  Similar to the instant action, plaintiffs in <u>Daugherty</u> made a claim

5  under the FLSA against Oppenheimer, a registered broker-dealer and investment firm, for failure

6  to pay for actual hours worked and overtime compensation.  In <u>Daugherty</u>, plaintiffs also brought a

7  claim under California Labor Code and California Business & Professions Code for restitution for

8  overtime pay.  A proposed class action claim was filed in state court.   The court in <u>Daugherty</u>

9  stated that "For reasons of 'wise judicial administration,' federal courts may stay a federal action

10  based on 'the presence of a concurrent state proceeding.'" (<u>Daugherty</u>, supra, at pg. 2.)

11    A court must consider and weigh several factors when determining the propriety of such a

12  stay. These include (1) whether either court has asserted jurisdiction over a res or property; (2) the

13  relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the

14  order in which the forums obtained jurisdiction and the progress of such proceedings; (5) whether

15  state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights

16  of the parties. (*See* <u>Moses H. Cone Mem. Hospital v. Mercury Construction Co.</u>  460 U.S. 1, 103

17  S.Ct 927, 74 L.Ed. 765 (1983) at 21-22, quoting <u>Colorado River.</u>)

18  

19    Applying these factors to the case at hand:

20    (1)    **Whether either court has asserted jurisdiction over a res or property** – neither

21         court has asserted jurisdiction over property.

22    (2)    **The relative convenience of the forums** – the District is located in Alameda

23         County, the jurisdiction for the state court actions, which is more convenient for the

24         DISTRICT.

25    (3)    **The desirability of avoiding piecemeal litigation** – The DISTRICT's main

26         concern in bringing this motion is to avoid piecemeal litigation and the possibility

27         of inconsistent rulings.  The trial court in <u>Russ</u> has already made a dispositive

28         ruling in favor of the DISTRICT.  These same plaintiffs then filed a state court

4

action on the same causes of action, the same facts and circumstances as those involved in <u>Russ</u>. The state court's ruling in <u>Russ</u> and the pending <u>Hess</u> state court action could be inconsistent with a federal ruling, as the federal court actions only concern federal labor laws which the DISTRICT maintains is inapplicable to these facts. Plaintiffs, by filing several actions in different courts, are attempting to take two bites out of the same apple. The plaintiffs are seeking to avoid the California Education Code applicability and have filed the federal actions in an effort to avoid litigating on that issue.

(4)   **The order in which the forums obtained jurisdiction and the progress of such proceedings** – the <u>Russ</u> action was filed in the Superior Court of Alameda County on October 31, 2005; the <u>Hess</u> state court action was filed on February 25, 2008 and the three federal actions were filed on May 9, 2008.

(5)   **Whether state or federal law controls** – it is the DISTRICT's position, which was adopted by the trial court in the <u>Russ</u> case, that the California Education Code controls the relationship between plaintiffs and defendant.

(6)   **Whether the state proceeding is adequate to protect the rights of the parties** – since plaintiffs have also pled in state court the applicability of the state labor laws, the issue of whether the California Education Code or the state labor laws determines the rights of these parties, the state court proceedings are adequate to protect the rights of the parties.

Critical in this analysis is consideration of the third factor, the desirability of avoiding piecemeal litigation. Depending on what happens in the pending <u>Russ</u> and <u>Hess</u> state court actions, allowing the federal actions to proceed could result in inconsistent rulings and possibly a double recovery.

/ / /

Memorandum of Points and Authorities in Support of Motion to Stay Actions

1

IV.    **CONCLUSION**

2

For the reasons cited herein, applying the standards outlined in <u>Colorado River</u>, the court

3

should stay this action pending outcome of the state court actions to avoid the danger of

4

inconsistent rulings and piecemeal litigation.

5

6

7    DATED:  September 2, 2008                    EDRINGTON, SCHIRMER & MURPHY

8

9                                                By
10                                                James M. Marzan
                                                 Attorney for Defendant
11                                               FREMONT UNIFIED SCHOOL DISTRICT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Motion to Stay Actions