PETER P. EDRINGTON, Esq. (074355)
JAMES M. MARZAN, Esq. (133931)
EDRINGTON, SCHIRMER & MURPHY
2300 Contra Costa Boulevard, Suite 450
Pleasant Hill, CA 94523-3936
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendant
FREMONT UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HESS,<br><br>        Plaintiff,<br><br>vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT,<br>a public entity,<br><br>        Defendant. | CASE NO.: C-08-02399 JSW<br><br>**DECLARATION OF JAMES M. MARZAN IN SUPPORT OF MOTION TO STAY ACTION PENDING RESOLUTION OF CLAIMS PENDING IN CONCURRENT STATE ACTIONS**<br><br>Date: October 17, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2 |

I, JAMES M. MARZAN, do hereby declare as follows:

    1.    I am an attorney at law licensed to practice in the State of California and am a partner in the law firm of Edrington, Schirmer & Murphy, attorneys of record for defendant and moving party, FREMONT UNIFIED SCHOOL DISTRICT ("DISTRICT"), herein. I have sufficient knowledge of the facts set forth herein and can competently testify thereto if called upon as a witness.

    2.    Attached hereto as Exhibit "A" is a true and correct copy of the state action filed by plaintiffs WILLIAM HESS, LUANNE HESS and DOT EGGERLING, entitled, <u>William Hess, et al. v. Fremont Unified School District</u>, Alameda County Superior Court Case No. RG08372899.

1    3.    Attached hereto as Exhibit "B" is a true and correct copy of the Complaint in the

2  Russ v. Fremont Unified School District, Alameda County Superior Court Case No. HG05239834,

3  case which is on appeal from an Order Granting Summary Judgment in favor of the DISTRICT.

4    4.    Attached hereto as Exhibit "C" is a true and correct copy of the Order granting

5  Summary Judgment in the Russ action.

6    5.    In Russ, the parties have filed their briefs with the California Court of Appeal.

7    I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct and that this declaration is executed at Pleasant Hill, California, on

9  September 2, 2008.

10

11                                    JAMES M. MARZAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of James M. Marzan in Support of Motion to Stay Actions

# EXHIBIT A

JOHN N. KITTA, ESQ. (SBN 71504)
A.K. ABRAHAM (SBN 86870) Of Counsel
JOHN N. KITTA & ASSOCIATES
39560 Stevenson Place, Suite 217
Fremont, CA 95436
Telephone: 510.797.7990
Fax: 510.745.8606

CHARLES G. WILLIAMS (SBN 172907)
ATTORNEY AT LAW
33245 Sandpiper Place
Fremont, CA 94555
Telephone: 510.675.9137

Attorneys for Plaintiffs
WILLIAM HESS, LUANNE HESS
and DOT EGGERLING

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 5 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM HESS, LUANNE HESS, and, DOT EGGERLING, individually, and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>FREMONT UNIFIED SCHOOL DISTRICT, a public entity, and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. HG 08372899<br><br>**PLAINTIFFS' COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF AND INJUNCTIVE RELIEF**<br><br>**CLASS ACTION**<br><br>**(An individual, and a representative action on behalf of all similarly situated persons for):**<br><br>1) **Non-payment of Wages;**<br>2) ***Quantum Meruit;***<br>3) **Declaratory and Injunctive Relief** |

    Comes now Plaintiffs William Hess, Luanne Hess, and Dot Eggerling, by and through

their attorneys of record, JOHN N. KITTA & ASSOCIATES and CHARLES G. WILLIAMS,

Attorney at Law, who assert the following claims for monetary damages and declaratory and

injunctive relief against Defendant Fremont Unified School District.

1

1

## JURISDICTION AND VENUE

2      1.      This court has jurisdiction because plaintiffs at all times herein mentioned were

3  individuals residing in the State of California within the County of Alameda. At all times

4  mentioned herein, Defendant Fremont Unified School District has been a public entity located

5  and doing business in the County of Alameda. In addition, all of the acts, omissions, and other

6  events complained of herein occurred in the County of Alameda.

7      2.      This court has venue of this action under California Code of Civil Procedure

8  Section 395 because the wrongful conduct occurred in the County of Alameda, all or most of the

9  parties hereto reside within this County, and Defendant Fremont Unified School District,

10  through its various directors, managers, employees, and agents operated within this County and,

11  upon information and belief maintained the business and other records related to the wrongful

12  conduct within this County.

13

## PARTIES

14      3.      Plaintiffs William Hess, Luanne Hess, and Dot Eggerling are and were, at all

15  times relevant herein, residents of the County of Alameda. As described below, throughout the

16  applicable statute of limitations period, Defendant Fremont Unified School District employed

17  Plaintiffs William Hess, Luanne Hess, and Dot Eggerling as Vandal Watchers within its Vandal

18  Watch Program.

19      4.      In addition to themselves, jointly and severally, Plaintiffs William Hess, Luanne

20  Hess, and Dot Eggerling bring this action as a common action pursuant to California Code of

21  Civil Procedure, Section 382 on behalf of all other persons who Defendant employed as Vandal

22  Watchers at any point in time during the applicable statute of limitations period. Plaintiffs

23  William Hess, Luanne Hess, and Dot Eggerling are informed and believe that the District

24  employed such other persons (hereinafter, the "Other Vandal Watchers") under the same or

25  substantially similar terms and conditions as Plaintiffs William Hess and Luanne Hess and

26  committed the same unlawful conduct through the same or substantially the same policies and

27  practices directed toward Plaintiffs William Hess, Luanne Hess, and Dot Eggerling. The Other

28  Vandal Watchers similarly resided in the County of Alameda at all periods of time relevant to

1    this action. Plaintiffs William Hess, Luanne Hess, and Dot Eggerling hereby further refer to

2    themselves and the Other Vandal Watchers herein, collectively as "Plaintiffs."

3        5.    Defendant Fremont Unified School District is, and at all times relevant herein has

4    been, a California public entity engaged in the business of operating a public school district

5    within the County of Alameda. The District has its main offices at 4210 Technology Drive,

6    Fremont, California.

7        6.    The full extent of the facts linking the fictitiously named Defendant with each of

8    the respective causes of action contained herein is currently unknown to Plaintiffs. The true

9    names and capacities, whether individual, plural, corporate, partnership, associate, or other

10   otherwise, of Does 1 through 50 are unknown to Plaintiffs at this time. Plaintiffs therefore sue

11   said Defendants by fictitious names and will seek leave of court to amend this Complaint to

12   show their true names and capacities when ascertained. Said Defendants are sued as principals,

13   directors, managers, employees, or other agents of Defendant Fremont Unified School District

14   who performed such acts within or outside of the scope of their authority or employment. Based

15   on information and belief, Plaintiffs allege that each and every Defendant designated as a DOE

16   was responsible for the acts, omissions, and other events referred to herein and in some manner

17   caused the injuries and other damages to Plaintiffs alleged herein. Plaintiffs will amend this

18   Complaint to state the manner in which each fictitious Defendant is so responsible.

19       7.    Plaintiffs further assert that, at all times mentioned herein, each of the

20   Defendants, including the Doe Defendants, was acting in concert with or for some or all of the

21   other Defendants and approved, ratified, and adopted the wrongful conduct of each other.

22                          **GENERAL BACKGROUND FACTS**

23       8.    Defendant Fremont Unified School District ("the District") is a California public

24   school district. The District currently operates approximately 40 distinct public schools within

25   its authorized school district.

26       9.    In or about 1977, the District implemented and began operating a Vandal Watch

27   Program. Under the District's Vandal Watch Program, the District began employing various

28   persons, whom the District referred to as "Vandal Watchers," to reside full time on space at

                                              3

1  various schools which the District leased to those Vandal Watchers as part of employment

2  relationship.

3      10.    From 1977 through the present, the District has continued to employ Vandal

4  Watchers under the same, or substantially the same, terms and conditions as Plaintiffs.

5      11.    Consistent with Plaintiffs' status as employees of the District, throughout the

6  statute of limitations period applicable to this action, the District implicitly and expressly treated

7  Plaintiffs as employees for all purposes. Among other acts, the District maintained Plaintiffs as

8  employees for various business purposes; maintained Plaintiffs as employees covered under the

9  District's workers' compensation insurance policies and practices; subjected Plaintiffs to various

10  employee rules and procedures; and required Plaintiffs to be evaluated by, and subject to the

11  right to control of, various supervisory employees of the District.

12      12.    The District also assigned Plaintiffs various job duties and responsibilities. This

13  included the responsibilities to: (a) conduct numerous patrols of the District's school grounds on

14  a daily basis; (b) report these patrols and related findings to the District on a periodic basis set

15  by the District; (c) prepare detailed logs and other reports for the District; (d) perform the type

16  of repairs and maintenance performed by other District employees; and (e) be "first responders"

17  to any emergency, perceived emergency, and non-emergency situations on school grounds,

18  including those situations caused by vandals, fire, security, or other alarms, or other

19  circumstances occurring at any point in time when school was not in session. The periods when

20  "school was not in session" included early evenings through early mornings during the academic

21  school year and at all times when students were not attending school due to summer or holiday

22  breaks.

23      13.    Throughout the period of time the District employed Plaintiffs, the District

24  retained the right to terminate Plaintiffs' employment at will and retained and exercised the right

25  to direct and control the manner by which Plaintiffs performed their respective job duties for the

26  District. At no time did the District require Plaintiffs to maintain an independent business

27  license or take any steps to ensure Plaintiffs had such license. Nor were Plaintiffs ever in any

28  position to incur any profit or loss as a result of Plaintiffs' efforts on behalf of, and at, the

4

1    District's direction.  In addition, Plaintiffs were required to reside, on a full-time basis, on the

2    District's property.

3        14.    Although the District continuously employed Plaintiffs throughout the applicable

4    statute of limitations period, the District failed to pay Plaintiffs at a rate equal to the then

5    applicable minimum hourly wage for each hour actually worked by Plaintiffs as mandated by

6    California State Law.  The District similarly failed to pay Plaintiffs at the then applicable

7    overtime rate of pay mandated by California State law for all overtime all hours actually worked

8    by Plaintiffs, respectively.

9        15.    Despite knowing that its pay arrangement violated the California Labor Code and

10   related regulations, as a condition of employment the District repeatedly required Plaintiffs to

11   execute written agreements purporting to limit the compensation to which Plaintiffs were

12   lawfully entitled (hereinafter, "the Unlawful Agreements").   In short, rather than comply with

13   the applicable provisions of the California Labor Code, the District intentionally sought to

14   violate the law and to secret its unlawful policies and practices from Plaintiffs through various

15   means, including, but not limited to, through the use of the Unlawful Agreements.

16       16.    Consistent with its intentional and otherwise unlawful pay policies and practices,

17   and its intent to conceal those practices and to deter Plaintiffs from calling attention to these

18   unlawful polices and practices, contrary to its general employment practices, the District

19   specifically did not maintain accurate and contemporaneous time records of all hours worked by

20   Plaintiffs or provide Plaintiffs with itemized wage statements reflecting hours actually worked

21   by Plaintiffs, respectively.

22                                          **FIRST CAUSE OF ACTION**

23                     **(Against Defendant Fremont Unified School District)**

24                              **<u>NON-PAYMENT OF WAGES</u>**

25                                 (California Labor Code)

26       17.    Plaintiffs hereby fully incorporate those allegations contained in paragraphs 1-16

27   above, as if fully set forth herein.

28       18.    Throughout the statute of limitations period applicable to this action, the District

1    failed to pay Plaintiffs at the then applicable minimum wage rate required under California State

2    law for each hour actually worked by Plaintiffs and failed to pay Plaintiffs at the then applicable

3    minimum overtime hourly rate required under California State law.

4         19.    As a result of the District's failure to pay Plaintiffs their respective wages due at

5    the required rates for all hours worked during the statute of limitations period, the District is now

6    liable for payment of those wages due in an amount according to proof.

7    **SECOND CAUSE OF ACTION**

8    **(Quantum Meruit)**

9         20.    Plaintiffs hereby fully incorporate those allegations contained in paragraphs 1-19

10   above, as if fully set forth herein.

11        21.    Throughout the applicable statute of limitations period, Plaintiffs provided

12   valuable services to the District.  These services were of substantial benefit to the District. For

13   example, as a result of the services Plaintiffs provided to the District, the District reduced its

14   costs related to: campus patrols, vandalism to the District's property, responding to various

15   emergencies, including those costs related to responses which otherwise would have been

16   delayed, and forms of deterrence to vandalism other than through Plaintiffs.  Although the

17   District received these valuable services from Plaintiffs, the District failed to pay the reasonable

18   value of these services.

19        22.    Accordingly, the District is now liable in *quantum meruit* to Plaintiffs for the

20   reasonable value of the services Plaintiffs' respectively to the District.

21   **THIRD CAUSE OF ACTION**

22   **(Declaratory and Injunctive Relief)**

23        23.    Plaintiffs hereby fully incorporate those allegations contained in paragraphs 1-22,

24   above, as if fully set forth herein.

25        24.    The District has consistently failed to comply with its lawful obligations to

26   Plaintiffs throughout the applicable statute of limitations period and for at least twenty five years

27   beyond the statute of limitations period.  The District's failure to comply with its legal

28   obligations toward Vandal Watchers is thus systemic, ongoing, and unlikely to change absent

1  judicial intervention.  Plaintiffs accordingly request declaratory and injunctive relief in the form

2  of an order: (a) declaring that it is a violation of California wage and hour laws for the District to

3  fail to pay Vandal Watchers those minimum and overtime wages earned based on hours actually

4  worked; (b) declaring that the District's use of the Unlawful Agreements violates California law;

5  (c) enjoining the District from requiring that Vandal Watchers execute the Unlawful Agreements

6  as a condition of employment; and (d) enjoining the District from failing to pay Vandal

7  Watchers all minimum and overtime wages required pursuant to California law.

8                                    **PRAYER FOR RELIEF**

9        WHEREFORE, Plaintiffs pray for the following relief:

10      1.  For unpaid wages due under the California Labor Code in an amount according to

11           proof;

12      2.  For the reasonable value of Plaintiffs' respective services to the District in respective

13           amounts according to proof;

14      3.  For such declaratory and injunctive relief as necessary to compel the District's

15           compliance with California wage and hour laws regarding the District's Vandal

16           Watch Program;

17      4.  For reasonable costs and attorney's fees pursuant to Gov't. Code Section 926.15 *et*

18           *seq.*, California Code of Civil Procedure, Sections 1021 *et. seq.* and all other

19           applicable provisions of California law; and

20      5.  For such other and further relief as the Court deems necessary and proper.

21

22  DATED:  January **23** 2008            JOHN N. KITTA, ESQ.
                                            A.K. ABRAHAM, ESQ. (Of Counsel)
23                                          JOHN N. KITTA & ASSOCIATES

24                                          

25                                          JOHN N. KITTA
                                            ATTORNEYS FOR PLAINTIFFS
26                                          WILLIAM HESS, LUANNE HESS and
                                            DOT EGGERLING
27

28

                                    7

# EXHIBIT B



SUMMONS ISSUED

*4066840*

JOHN N. KITTA, ESQ (SBN 71504)
JOHN N. KITTA & ASSOCIATES
39560 Stevenson Place, Suite 217
Fremont, CA 95436
Phone: (510) 797-7990; Fax: (510) 745-8606

**Attorney for Plaintiffs**

FILED
ALAMEDA COUNTY

OCT 3 1 2005

CLERK OF THE SUPERIOR COURT
By _____
Deputy

## SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY

| | |
|---|---|
| THELMA RUSS, an individual, STEVEN WHEELER, an individual, SANDY WHEELER, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>FREMONT UNIFIED SCHOOL DISTRICT, a public entity, and Does 1-100, inclusive,<br><br>    Defendants. | CASE NO. HG 0 5 2 3 9 8 3 4<br>verified<br>PLAINTIFFS' COMPLAINT FOR DAMAGES FOR FAILURE TO PAY MINUMUM WAGES AND OVERTIME COMPENSATION, BREACH OF CONTRACT; FOR ABUSE OF ELDERLY PERSON; FOR REASONABLE VALUE OF WORK, LABOR AND SERVICES (COMMON COUNT IN QUANTUM MERUIT); FOR SOLICITATION OF EMPLOYMENT [Civ. Code §§ 3287, 3300, 3333; Lab. Code §§970, 1194, 1197, 1198; Welf. & Inst. Code § 15657 et seq.]. |

COMES NOW, the Plaintiffs THELMA RUSS, STEVEN WHEELER and SANDY WHEELER by and through their Attorney of Record, JOHN N. KITTA & ASSOCIATES, who complain and allege the following multiple causes of actions and allegations against the Defendant:

1.   Plaintiff THELMA RUSS ("Ms. Russ") is, and at all times mentioned herein was, a natural person. She was an employee of FREMONT UNIFIED SCHOOL DISTRICT from approximately March 1, 1978 until approximately May 5, 2005. Plaintiff resides in California and is 88 years of age.

2.   Plaintiff STEVEN WHEELER ("Mr. Wheeler") is, and at all times mentioned herein was, a natural person. He has been an employee of Defendant FREMONT UNIFIED SCHOOL DISTRICT since approximately April 1, 1994. Plaintiff resides in California. He is the husband of Plaintiff SANDY WHEELER.

3.  Plaintiff SANDY WHEELER ("Mrs. Wheeler") is, and at all times mentioned herein was, a natural person. She has been an employee of Defendant FREMONT UNIFIED SCHOOL DISTRICT since approximately April 1, 1994. Plaintiff resides in California. She is the wife of Mr. Wheeler.

4.  Defendant FREMONT UNIFIED SCHOOL DISTRICT ("FUSD") is a school district and public entity, created pursuant to California law. FUSD was the employer of Ms. Russ since 1978 and has employed Mr. and Mrs. Wheeler since April 1, 1994. FUSD has its main offices at 4210 Technology Drive, Fremont, CA, 94539. FUSD manages and controls Mission San Jose Elementary School ("MSJ School") on which Thelma Russ resided and worked during all relevant times spoken of in this complaint. . FUSD manages and controls the Mission Valley Regional Occupational Program site ("ROP Site") located at 40230 Laiolo Road, Fremont, where Mr. and Mrs. Wheeler resided and worked during all relevant times spoken of in this complaint.

5.  All Plaintiffs are ignorant of the true names and capacities of Defendants sued as Does 1 through 100, inclusive, and therefore sue these Defendants by these fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiffs believe and thereon allege that each of the fictitiously named defendants is in breach of some contract or is tortiously or otherwise legally responsible in some manner for the occurrences alleged in this complaint and for Plaintiffs' damages.

6.  Plaintiffs believe and allege that at all times mentioned in this complaint and at all relevant times herein, Defendant FUSD and Does 1-100 were the agents and employees of each other, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

7.  The relief sought in this claim is within the jurisdiction of the superior court.

## FIRST CAUSE OF ACTION FOR NONPAYMENT OF WAGES BY PLAINTIFF THELMA RUSS AGAINST DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 100

8.  Plaintiff Russ hereby incorporates by reference and re-alleges all of the allegations contained in paragraphs 1 through 7, above.



9.  Beginning in or about 1978 and continuing until on or about May 5, 2005, Ms. Russ was employed by Defendant as a "Vandal Watcher" in Defendant's Vandal Watch Program for the Mission San Jose Elementary School ("MSJ School") within Defendant school district located in Fremont, California in the county of Alameda.

10. Ms. Russ's employment was pursuant to a written employment agreement. In August of 2004, FUSD had Ms. Russ sign a new agreement with the FUSD. A copy of this contract is attached to this exhibit as Exhibit A and incorporated in full herein through reference.

11. Additional terms of employment were contained in the FUSD's Vandal Watch Employee Handbook.  The terms included therein were essentially the same as those contained in the updated Draft Copy of Vandal Watch Employee Handbook ("Handbook"), a true and correct copy of which has been attached to this complaint as Exhibit B and is incorporated herein by reference. The terms of the agreement as reflected by the Handbook and otherwise communicated to Ms. Russ are essentially as follows:

a.  Ms. Russ was to purchase a mobile home which would be placed on Mission San Jose Elementary School campus so that Plaintiff could carry out her duties as a Vandal Watcher.

b.  Ms. Russ had to pass a background check. This same check was administered to any and all occupants of the mobile home.

c.  Ms. Russ paid $50.00 a month to Defendant FUSD as rent for the space on which the mobile home sat and be responsible for paying her all of the utilities.

d.  As a Vandal Watcher, Ms. Russ was responsible for providing security measures such as inspecting the MSJ school campus three times a day while school was not in session and twice a day while school was in session with the last inspection of each day occurring late at night.

e.  Ms. Russ was responsible for responding to any emergency call during non-school hours including fire, police and maintenance calls.

  

f.  Ms. Russ was responsible for securing buildings whenever a break-in occurs including boarding up windows and securing doors.

g.  Ms. Russ was responsible for reporting any vandalism, civic problems or suspicious activities. She was to remain on call, available and alert during all waking hours.

h.  Ms. Russ agreed to not leave the MSJ school campus for a period longer then 48 hours without providing a temporary substitute who could fulfill her duties to act as a Vandal Watcher.

i.  In return for Ms. Russ's labors, FUSD compensated Ms. Russ in an amount equal to one hour of minimum wage per month without consideration for and regardless of the number of hours actually worked by Plaintiff.

12. Ms. Russ is informed and therefore believes and alleges that Ms. Russ worked 16 compensable hours a day, every day of the year from on or about March 1, 1978 until around May 5, 2005, for a grand total of or about 163,520 hours of work.

13. During the entire period set forth in paragraph 12, FUSD compensated Thelma Russ in a monthly amount equal to one hour at the then present minimum wage set by the applicable Industrial Wage Order.

14. Under the courts equitable powers Ms. Russ is properly owed minimum wages and overtime for the entire 27 years she worked for FUSD. In any event, Ms. Russ is owed wages for at least the last three years of labor, per Code of Civil Procedure § 338(a).

15. This claim for wages and overtime is based on California Labor Code §§ 1194, 1194.2, 1197, 1198. California Labor Code Section 1194 provides that, notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount due including interest, costs, and reasonable attorneys fees.



16. California Labor Code Sections 1197 and 1198 provide that it is unlawful to pay less than the minimum wage established by law or to employ persons for longer then the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage orders.

17. Code sections 1194, 1194.2, 1197, 1198 are attached to this complaint as Exhibit C and incorporated in full herein through reference.

18. Plaintiff, Ms. Russ, is informed and therefore believe and allege that the Industrial Federal Wage Commission Orders applicable to the current action are as follows:

    a.  From April 1, 1978 to December 31, 1978, the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $2.65 per hour.

    b.  From January 1, 1979 to December 31, 1979, the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $2.90 per hour.

    c.  From January 1, 1980, to December 31, 1980 the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $3.10 per hour.

    d.  From January 1, 1981, to June 30, 1988 the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $3.35 per hour.

    e.  From July 1, 1988 to September 30, 1996, the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $4.25 per hour.

    f.  From October 1, 1996 to February 29, 1997, the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $4.75 per hour.



g.  From March 1, 1997, to August 31, 1997 the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $5.00 per hour.

h.  From September 1, 1997 to February 28, 1998 the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $5.15 per hour.

i.  From March 1, 1998 to December 31, 2000 the Industrial Welfare Commission Wage Order, which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $5.75 per hour.

j.  From January 1, 2001 to December 31, 2001, Industrial Welfare Commission Wage Order § 11000 (8 CCR 11000), which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $6.25 per hour.

k.  From January 1, 2002 to present, Industrial Welfare Commission Wage Order § 11000 (8 CCR 11000), which applies to Ms. Russ's employment by Defendant, provided for a minimum wage of $6.75 per hour.

l.  From January 1, 2001 to present, Industrial Welfare Commission Wage Order § 11010, which applies to Ms. Russ's employment by Defendant, provided that employees employed for more than 8 hours in any work day or more then 40 hours in any work are entitled to payment at the rate of time and one half for hours in excess of 8 in one day.

19. Under the provisions of the above Wage Orders, Ms. Russ is informed and therefore believes and alleges that FUSD should have compensated Ms. Russ for 16 hours of compensable time a day, each and every day since she was hired by FUSD 27 years ago. The pay for each hour should comply with the applicable Industrial Welfare Commission Wage Order listed in paragraph 18.

20. In no event is Ms. Russ owed less then $125,415.00, reflecting wages owed for work done in the past 3 years. This amount was calculated as follows:

a. Ms. Russ is informed and believes and thereby alleges that she worked 16 compensable hours a day, every day between approximately October 20, 2002 and May 5, 2005.

b. The first 8 hours of each day required FUSD to compensate Ms. Russ at the minimum wage of $6.75 per hour.

c. There are approximately 928 days between October 20, 2002 and May 5, 2002.

d. 8 hours a day, multiplied by $6.75 per hour, multiplied by 928 days equates to $50,112.00.

e. FUSD should also have compensated Plaintiff Russ for the second 8 hours of each day worked at the legal overtime rate of time and a half the normal rate which equates to $10.125 per hour of overtime worked.

f. 8 hours of overtime worked a day, multiplied by $10.125 per hour of overtime worked, multiplied by 928 days equates to $75,168.00.

g. Therefore FUSD therefore should have paid Ms. Russ compensation of $50,112.00 plus $75,168.00, equaling total compensation of $125,280.00.

21. Ms. Russ acknowledges being compensated in the amount equal to one hour of labor for each and every month since hired by FUSD 27 years ago. Ms. Russ concedes that the amount FUSD actually paid to her each month should be deducted from the total wages that should have been paid to her that month.

22. Defendant has failed and refused and continues to fail and refuse to pay Ms. Russ the amount owed.

23. Defendant's failure to pay Ms. Russ as required by the applicable Wage Order, violates the provisions of Labor Code § 1197 and/or 1198 and is therefore unlawful.

WHEREFORE, Plaintiff Ms. Russ prays for Judgment against the Defendants, and each of them, as set forth below:

**SECOND CAUSE OF ACTION FOR NONPAYMENT OF WAGES BY PLAINTIFFS STEVEN AND SANDY WHEELER AGAINST DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 150**

24. Plaintiffs Mr. Wheeler and Mrs. Wheeler, and each of them, hereby incorporate by reference and re-allege all of the allegations contained in paragraphs 1 through 23, above.

25. Defendant FUSD hired Plaintiffs, Mr. Wheeler and Mrs. Wheeler, and each of them on or around April 1, 1994 to act as "Vandal Watchers" at the R.O.P. within Defendant's school district located in Fremont, California in the county of Alameda.   They are currently employed by FUSD and have therefore worked for FUSD for over 11 years as of the date this complaint was filed.

26. Plaintiffs, Mr. Wheeler and Mrs. Wheeler's, and each of them, were employed by FUSD pursuant to a written employment agreement signed by Mr. Wheeler and Mrs. Wheeler on April 12, 1994. This agreement is attached to this complaint as Exhibit D and hereby incorporated in full through reference. The terms of the agreement were essentially as follows:

    a.  Mr. Wheeler and Mrs. Wheeler were to place one mobile home on the ROP site. FUSD allowed Mr. and Mrs. Wheeler to purchase mobile home that the prior Vandal Watch employee had owned and resided in on the campus.

    b.  The contract called for Mr. Wheeler and Mrs. Wheeler, and each of them, to maintain surveillance of the school buildings, property, and grounds and call the police department when necessary.

    c.  Mr. Wheeler and Mrs. Wheeler, and each of them, were to inspect the ROP campus site three times a day while school was not in session and twice an evening while school was in session with the last inspection of each day occurring just prior to the Vandal Watcher retiring for bed.

    d.  Mr. Wheeler and Mrs. Wheeler, and each of them, were responsible for responding to any emergency call while school was not in session including fire alarms, intrusion alarms.

27. Additional terms of employment existed which were not in the original contract and were either oral or included in the vandal watch handbook. The terms contained in the Vandal

1   Watch handbook were nearly identical to those contained in the attached 2002 draft version

2   which is attached as Exhibit B and incorporated herein full through reference. These terms are as

3   follows:

    a.  Mr. Wheeler and Mrs. Wheeler, and each of them, were responsible for securing

        buildings whenever a break-in occurs including boarding up windows and

        securing doors.

    b.  Mr. Wheeler and Mrs. Wheeler, and each of them, were responsible for reporting

        any vandalism, civic problems or suspicious activities. They were to remain on

        call, available and alert during all waking hours.

    c.  Mr. Wheeler and Mrs. Wheeler, and each of them, agreed to not leave the ROP

        school site for a period longer then 48 hours without providing a temporary

        substitute who could fulfill each of their duties to act as a Vandal Watcher.

28. In return for Mr. Wheeler and Mrs. Wheeler's labors in the last eleven (11) years, FUSD compensated each Plaintiff individually in an amount equal to one hour of labor per month, at the then current minimum wage, without any consideration for and regardless of the number of hours actually worked by each individual Plaintiff.

29. Defendant intentionally paid Mr. Wheeler and Mrs. Wheeler, and each of them, in an amount that was less then the legal compensation due under the applicable wage orders and code sections.

30. Under the courts equitable powers Wheelers are properly owed minimum wages and overtime for the entire 11 years Mr. Wheeler and Mrs. Wheeler, and each of them, worked for FUSD. In any event, Mr. Wheeler and Mrs. Wheeler, and each of them, are owed wages for at least the last three years of labor, per Code of Civil Procedure § 338(a).

31. This claim for wages and overtime is based on California Labor Code Sections 1194, 1194.2, 1197, 1198 and others. California Labor Code Section 1194 provides that, notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation is entitled to recover in a civil action

1   the unpaid balance of the full amount due including interest, costs, and reasonable attorneys fees.

2   See Exhibit C.

3       32. California Labor Code Sections 1197 and 1198 provide that it is unlawful to pay less

4   than the minimum wage established by law or to employ persons for longer then the hours set by

5   the Industrial Welfare Commission or under conditions prohibited by the applicable wage orders.

6   See Exhibit C.

7       33. Mr. Wheeler and Mrs. Wheeler, and each of them, are informed and therefore believe

8   and allege that the Industrial Federal Wage Commission Orders applicable to the current action

9   are as follows:

10      a.   From July 1, 1988 to September 30, 1996, the Industrial Welfare Commission

11           Wage Order, which applies to both Mr. Wheeler and Mrs. Wheeler's employment

12           by Defendant, provided for a minimum wage of $4.25 per hour.

13      b.   From October 1, 1996 to February 29, 1997, the Industrial Welfare Commission

14           Wage Order, which applies to both Mr. Wheeler and Mrs. Wheeler's employment

15           by Defendant, provided for a minimum wage of $4.75 per hour.

16      c.   From March 1, 1997, to August 31, 1997 the Industrial Welfare Commission

17           Wage Order, which applies to both Mr. Wheeler and Mrs. Wheeler's employment

18           by Defendant, provided for a minimum wage of $5.00 per hour.

19      d.   From September 1, 1997 to February 28, 1998 the Industrial Welfare Commission

20           Wage Order, which applies to both Mr. Wheeler and Mrs. Wheeler's employment

21           by Defendant, provided for a minimum wage of $5.15 per hour.

22      e.   From March 1, 1998 to December 31, 2000 the Industrial Welfare Commission

23           Wage Order, which applies to both Mr. Wheeler's and Mrs. Wheeler's

24           employment by Defendant, provided for a minimum wage of $5.75 per hour.

25      f.   From January 1, 2001 to December 31, 2001, Industrial Welfare Commission

26           Wage Order § 11000 (8 CCR 11000), which applies to both Mr. Wheeler's and

27

28

1    Mrs. Wheeler's employment by Defendant, provided for a minimum wage of

2    $6.25 per hour.

3    g.  From January 1, 2002 to present, Industrial Welfare Commission Wage Order §

4    11000 (8 CCR 11000), which applies to both Mr. Wheeler's and Mrs. Wheeler's

5    employment by Defendant, provided for a minimum wage of $6.75 per hour.

6    h.  From January 1, 2001 to present, Industrial Welfare Commission Wage Order §

7    11010, which applies to both Mr. Wheeler's and Mrs. Wheeler's employment by

8    Defendant, provided that employees employed for more than 8 hours in any work

9    day or more then 40 hours in any work are entitled to payment at the rate of time

10    and one half for hours in excess of 8 in one day.

11    34. Under the provisions of the above Wage Orders, Mr. Wheeler and Mrs. Wheeler, and

12 each of them, are informed and therefore believe and allege that FUSD should have compensated

13 each of them for 16 hours of compensable time a day, for each and every day, since each was

14 hired by FUSD 11 years ago. The pay for each hour should comply with the applicable Industrial

15 Welfare Commission Wage Order listed in paragraph 33.

16    35. In no event are Mr. Wheeler and Mrs. Wheeler, and each of them, owed less then

17 $148,032.10, each, from FUSD for services rendered during the last three years. This amount

18 was calculated as follows:

19    a.  Mr. Wheeler and Mrs. Wheeler, and both of them, are informed and believe and

20    thereby allege that they worked 16 compensable hours a day, every day for the

21    three years prior to the date this complaint was filed.

22    b.  The first 8 hours of each day required FUSD to compensate each of the Plaintiffs,

23    Mr. Wheeler and Mrs. Wheeler, at the minimum wage of $6.75 per hour each.

24    c.  There are approximately 1097 days in the last three years.

25    d.  8 hours a day, multiplied by $6.75 per hour, multiplied by 1097 days equates to

26    $59,238.00.

27

28

e. FUSD should also have compensated Mr. Wheeler and Mrs. Wheeler, and both of them, for the second 8 hours of each day worked at the legal overtime rate of time and a half the normal rate, which equates to $10.125 per hour of overtime worked.

f. 8 hours of overtime worked a day, multiplied by $10.125 per hour of overtime worked, multiplied by 1097 days equates to $88,857.00.

g. Therefore, based on the above computations, FUSD therefore should have compensated Mr. Wheeler and Mrs. Wheeler, and each of them, at least $59,238.00 plus $88,857.00, equaling total compensation of $148,095.00 for the period allowed by the applicable statute of limitations.

36. Mr. Wheeler and Mrs. Wheeler and each of them, acknowledge being compensated in an amount equal to one hour of labor for each and every month since each was hired by FUSD 11 years ago. Mr. Wheeler and Mrs. Wheeler, and each of them, concede that the amount FUSD actually paid each month should be deducted from the total wages that should have been paid to them that month.

37. Defendant FUSD has failed and refused and continues to fail and refuse to pay Mr. Wheeler and Mrs. Wheeler, and each of them, the amount owed to them under the applicable wage orders and code sections set forth in this complaint.

38. Defendant's failure to pay Mr. Wheeler and Mrs. Wheeler, and each of them, for work each performed during the last 11 years and in no event less then the last 3 years, as required by the applicable Wage Order, violates the provisions of Labor Code § 1197 and/or 1198 and is therefore unlawful.

WHEREFORE, Plaintiff Wheelers pray for Judgment against the Defendants, and each of them, as set forth below:

### THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT BY PLAINTIFF THELMA RUSS AGAINST DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 100

39. Ms. Russ hereby incorporates by reference and re-alleges all of the allegations contained in paragraphs 1 through 38 above.

---

40. On or about March 1, 1978 in Fremont, Alameda County, California, Defendant falsely and with intent to induce Plaintiff Ms. Russ to enter into an employment agreement with Defendant, orally represented to Ms. Russ that she would have permanent employment and use of the accompanying space for her mobile home on the MSJ campus for as long as she lived. In 2003 or 2004 an agent of the Defendant orally affirmed to Ms. Russ that she would have permanent employment and need not be concerned with finding alternate means of procuring a living or residence.

41. In doing so, Defendant should have known that Ms. Russ would be reasonably induced to rely on Defendants assurance by foregoing other employment opportunities, alternative locations for her mobile home, state mandated minimum wage and overtime compensation.

42. Ms. Russ reasonably relied on Defendant's assurance of continued employment and continued availability of a space for her mobile home by working for Defendant for the past 27 years for one hours pay each month, when she should have earned the statutorily defined minimum wage for every hour worked. Ms. Russ relied on Defendant's assurances and was induced to invest all of her money in a mobile home on or around 1978 in belief that it would continue to be allowed to exist on the MSJ campus for as long as she worked for Defendant. Ms. Russ relied on Defendant's assurances and was induced not to move her mobile home while it was still economically feasible to do so. Ms. Russ relied on Defendant's assurances and was induced not to search for a higher paying job at any time in the past 27 years. Ms. Russ relied on Defendants assurances and was induced not to file a claim for minimum wages and overtime compensation due for each of the paycheck for the past 27 years.

43. Defendant has not performed its assurances and on or around May 5, 2005, Defendant terminated Ms. Russ's employment as a Vandal Watcher and gave 60 days notice in which for Plaintiff Russ to remove her mobile home from the MSJ campus. A copy of the "60 day notice to terminate tenancy" is attached to this complaint as Exhibit E and incorporated in full herein through reference.



44. As a result of Defendant's failure to perform according to the assurances that it repeatedly made to Ms. Russ, she has suffered financially by forgoing approximately $125,280.00 in wages that she would have earned had she been paid proper minimum wage and overtime compensation for the period in question as set forth in paragraphs 1 through 17.

45. A severe injustice can only be avoided by awarding Ms. Russ damages. WHEREFORE, Plaintiff Russ prays for Judgment against the Defendants, and each of them, as set forth below:

### FOURTH CAUSE OF ACTION FOR ABUSE OF AN ELDER BY PLAINTIFF THELMA RUSS AGAINST DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 100

46. Plaintiff Ms. Russ hereby incorporates by reference and re-alleges all of the allegations contained in paragraphs 1 through 45 above.

47. Defendant FUSD at all times was in a position of trust to Ms. Russ in that it was both her employer and landlord for the past 27 years.

48. Every time FUSD issued a paycheck for its employees for the past 22 years, FUSD committed financial elder abuse against Ms. Russ because it should have known that it was withholding wages earned and owed to Plaintiff as set out in the First Cause of action above which is incorporated herein by reference. Defendant was unreasonable in its belief that it could require an elderly woman, such as Ms. Russ to work approximately 16 hours of compensable time daily while Defendant only being paid Ms. Russ for one hour of her time a month.

49. As a proximate result of the acts of Defendant, Plaintiff Ms. Russ suffered emotionally and was hurt both financially and in her health, strength, activity, mental state of mind and mental acuity.

WHEREFORE, Plaintiff Russ prays that Judgment for each cause of action be entered against the Defendants, and each of them, as hereinafter set forth.

### FIFTH CAUSE OF ACTION FOR QUANTUM MERUIT BY PLAINTIFF THELMA RUSS AGAINST DEFENDANT FREMONT UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 100

50. Plaintiff Ms. Russ hereby incorporates by reference and re-alleges all of the

1    allegations contained in paragraphs 1 through 49 above.

2        51. Within the past four years, at Fremont, California, Ms. Russ performed security type

3    services at the express request of Defendant FUSD. The services performed by Plaintiff included

4    patrolling FUSD's MSJ campus, maintaining a constant 24 hour a day security presence on the

5    campus in order to deter vandalism and crime, being responsible and available to respond to any

6    fire, police or other alarm or emergency situation which might occur night or day, and providing

7    any and all of the other duties performed in paragraph 11 above which is incorporated in full

8    here by reference.

9        52. Defendant knew that Ms. Russ was providing these services and accepted, used and

10    enjoyed the services provided by Ms. Russ.

11        53. Ms. Russ is informed and therefore believes and alleges that the fair and reasonable

12    value of the services provided to defendant is at least $500,000, this figure representing the

13    approximate cost to FUSD if they had hired a security provider four years ago and required said

14    security personal to remain on campus 24 hours a day and to perform those acts which were

15    performed by Ms. Russ for Defendant's benefit. Ms. Russ believes that security providers charge

16    approximately $25.00 per hour and that Ms. Russ performed security services for 16 hours a day,

17    everyday.

18        54. Defendant has paid Ms. Russ for one hour of work per month for the past four years,

19    approximately $6.75 a month, for a grand total of approximately $324.00, leaving a balance due

20    of approximately $499,676.00.

21    WHEREFORE, Ms. Russ prays that Judgment for each cause of action be entered against the

22    Defendants, and each of them, as hereinafter set forth.

23    **SIXTH CAUSE OF ACTION FOR QUANTUM MERUIT BY PLAINTIFFS**
**STEVEN WHEELER AND SANDY WHEELER AGAINST DEFENDANT FREMONT**
24    **UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 100**

25        55. Plaintiff Mr. Wheeler and Mrs. Wheeler, and each of them, hereby incorporate by

26    reference and re-allege all of the allegations contained in paragraphs 1 through 54 above.

27        56. Within the past four years, at Fremont, California, Mr. Wheeler and Mrs. Wheeler,

28

 

1  and each of them, performed security type services at the express request of Defendant FUSD.

2  The services performed by Mr. Wheeler and Mrs. Wheeler included patrolling Defendant

3  FUSD's ROP site, maintaining a constant 24 hour a day security presence on the campus in order

4  to deter vandalism and crime, being responsible and available to respond to any fire, police or

5  other alarm or emergency situation which might occur night or day, and providing any and all of

6  the other duties performed above, which are incorporated in full here by reference.

7       57. Defendant knew that both Mr. Wheeler and Mrs. Wheeler, and each of them, were

8  was providing these services and accepted, used and enjoyed the services provided by Mr.

9  Wheeler and Mrs. Wheeler.

10      58. The fair and reasonable value of the services provided to defendant is at least

11  $500,000.00, this figure representing the approximate cost to FUSD if they had hired a security

12  provider four years ago and required said security personal to remain on campus 24 hours a day

13  and to perform those acts which were performed by Mr. Wheeler and Mrs. Wheeler for

14  Defendant's benefit. Mr. Wheeler and Mrs. Wheeler, and each of them, are informed and

15  believes and therefore alleges that security providers charge approximately $25.00 per hour and

16  that Mr. Wheeler and Mrs. Wheeler, and each of them, performed security services for 16 hours

17  a day, everyday.

18      59. Defendant has paid Mr. Wheeler and Mrs. Wheeler, and each of them, for one hour of

19  work per month for the past four years, approximately $6.75 a month, for a grand total of

20  approximately $324.00 to each of them, leaving a balance due of approximately $499,676.00 to

21  each of them.

22  WHEREFORE, Mr. Wheeler and Mrs. Wheeler, and each of them pray that Judgment for each

23  cause of action be entered against the Defendants, and each of them, as hereinafter set forth.

24  **SEVENTH CAUSE OF ACTION FOR SOLICITATION OF EMPLOYEE BY**
    **MISREPRESENTATION, BY PLAINTIFF THELMA RUSS AGAINST DEFENDANT**
25  **FREMONT UNIFIED SCHOOL DISTRICT AND DOES 1 THROUGH 100**

26      60. Ms. Russ hereby incorporates by reference and re-alleges all of the allegations

27  contained in paragraphs 1 through 59 above.

28

61. On or about March 1, 1978 in Fremont, Alameda County, California, Defendant falsely and with intent to induce Ms. Russ into entering into an employment agreement with Defendant, orally represented to Ms. Russ that she would have permanent employment and use of the accompanying space for her mobile home on the MSJ campus for as long as she lived. In 2003 or 2004 an agent of the Defendant orally affirmed to Ms. Russ that she would have permanent employment and she need not worry about the Defendant ever terminating her.

62. These misrepresentations were formally discovered on or about May 5, 2005 upon receipt by Ms. Russ from Defendant of a 60-day notice to terminate tenancy indicating to Plaintiff Russ that she would definitely no longer be living on MSJ campus and indicating to Ms. Russ that she could definitely not be the Vandal Watcher for MSJ campus any longer than July 5, 2005. Said 60 day notice is attached to this complaint as Exhibit E and incorporated in full herein through reference.

63. Ms. Russ is informed and believes and on the basis of that information and belief alleges that the representations of permanent employment were false and that defendants knew them to be false when they were made. The real facts were that FUSD knew that it could not guarantee that Plaintiff could permanently reside and work for FUSD on their MSJ campus.

64. As a direct result of the representation of permanent employment made by defendants, Ms. Russ believed and relied upon them and was thereby induced to purchase a mobile home, move the mobile home to the MSJ campus from within California, to expend money in moving the mobile home and keeping up the home, and to expend 16 hours a day for 27 years of time laboring for Defendant's benefit providing security for the MSJ campus.

65. By reason of defendants' misrepresentations, and as a proximate result of those representations, Ms. Russ has suffered the following damages:

    a.  Ms. Russ forewent receiving approximately $148,032.10 in minimum wages and overtime payment due during the last three years;

    b.  Ms. Russ forewent pursuing other employment that may have included pension and other retirement benefits, because of a belief that the position with Defendant

 

1    would be permanent.

2  WHEREFORE, Plaintiff Russ prays that Judgment for each cause of action be entered against

3  the Defendants, and each of them, as hereinafter set forth.

### III. PRAYER FOR RELIEF

5    WHEREFORE, Plaintiffs pray for Judgment against the Defendant as set forth below:

6  **ON THE FIRST CAUSE OF ACTION:**

7    1.  For compensatory damages in an amount to compensate Ms. Russ for minimum

8        wages and overtime compensation owed for the last 27 years, and in no event less

9        then $125,199.00, said amount representing wages owed for the last three years;

10    2.  For interest on any minimum wages and overtime compensation due from the day

11        such amounts were due;

12    3.  For liquidated damages pursuant to Labor Code § 1194.2(a) in an amount

13        equaling to the minimum wages unpaid and interest on that amount;

14    4.  For an award of civil penalties pursuant to Labor Code § 2699;

15    5.  For reasonable attorneys fees pursuant to Labor Code § 1194(a);

16    6.  For costs of the suit incurred herein; and

17    7.  For such other and further relief as the court may deem appropriate.

18  **ON THE SECOND CAUSE OF ACTION:**

19    1.  For compensatory damages in an amount to compensate Mr. Wheeler and Mrs.

20        Wheeler, and both of them, for minimum wages and overtime compensation owed

21        for the last 11 years, and in no event less then $147,609.00, each, to Mr. Wheeler

22        and Mrs. Wheeler, said amount representing wages owed to each for the last three

23        years;

24    2.  For interest on any minimum wages and overtime compensation due from the day

25        such amounts were due;

26    3.  For liquidated damages pursuant to Labor Code § 1194.2(a) in an amount

27        equaling the total minimum wages unpaid and interest on that amount;

28

4.  For an award of civil penalties pursuant to Labor Code § 2699;

5.  For reasonable attorneys fees pursuant to Labor Code § 1194(a);

6.  For costs of the suit incurred herein; and

7.  For such other and further relief as the court may deem appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.  For compensatory damages in an amount to compensate Ms. Russ for minimum wages and overtime compensation owed for the last 27 years, and in no event less then $125,199.00, said amount representing wages owed for the last three years;

2.  For interest on any minimum wages and overtime compensation due from the day such amounts were due;

3.  For reasonable attorneys fees according to proof;

4.  For costs of the suit incurred herein; and

5.  For such other and further relief as the court may deem appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.  For general damages, according to proof;

2.  For consequential damages, according to proof;

3.  For punitive damages;

4.  For interest as allowed by law;

5.  For costs of the suit incurred herein;

6.  For attorney's fees; and

7.  For any and all other relief that the Court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

1.  For compensatory damages according to proof;

2.  For interest as allowed by law;

3.  For costs of suit incurred; and

4.  For any further relief the court deems proper.

**ON THE SIXTH CAUSE OF ACTION:**




1.  For compensatory damages according to proof;

2.  For interest as allowed by law;

3.  For costs of suit incurred; and

4.  For any further relief the court deems proper.

**ON THE SEVENTH CAUSE OF ACTION:**

1.  For compensatory damages according to proof;

2.  For interest as allowed by law;

3.  For costs of suit incurred; and

4.  For any further relief the court deems proper.

**DATED:** October **26**, 2005          **Respectfully submitted,**

By: _____

**JOHN N. KITTA, ESQ.**
**JOHN N. KITTA & ASSOCIATES**
**Attorney for the Plaintiffs**

**EXHIBIT C**

JOHN N. KITTA, ESQ
Attn: Kitta, John N.
39560 Stevenson Place,
Suite 217
Fremont, CA   95436

Edrington, Schirmer & Murphy
Attn: Marzan, James M.
2300 Contra Costa Blvd.
Suite 450
Pleasant Hill, CA   94523-393

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Russ<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Fremont Unified School District<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>HG05239834</u><br><br>Order<br><br>Motion for Summary Judgment/Adjudication<br>Granted |

The Motion for Summary Judgment/Adjudication was set for hearing on 08/01/2007 at 09:00 AM in Department 31 before the Honorable Frank Roesch. The Tentative Ruling was published and was contested.

Thelma Russ appeared by counsel Williams, Charles and Ritta, John.Steven Wheeler appeared by counsel Williams, Charles and Ritta, John.Sandy Wheeler appeared by counsel Williams, Charles and Ritta, John.Moving Party Fremont Unified School District appeared by counsel Marzan, James M..

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Motion of Defendant Fremont Unified School District ("Defendant") for Summary Judgment ("Motion") is GRANTED.  Education Code Section 17574 authorizes Defendant exchanging the leasing of land on the grounds of a school for Plaintiffs' services as Vandal Watchers. The relationship of the parties is governed by Education Code Section 17574, not the Labor Code.

Defendant met its burden and showed there is no merit to Plaintiff's complaint and no triable issue of material fact. (See UMF. Nos. 1-56 and supporting evidence cited therein.)  Plaintiffs did not meet their burden of setting forth specific facts showing triable issues exist as to a particular cause of action.

The First Cause of Action of Plaintiff Thelma Russ ("Russ") and Second Cause of Action of Plaintiffs Steven and Sandy Wheeler ("Wheelers") for Nonpayment of Wages is barred because their services are governed by the terms of their lease agreement as authorized by Education Code Section 17574.  (See UMF nos. 1-56 and evidence cited therein.) Plaintiffs did not present evidence that creates a disputed issue of material fact of an employment relationship that would support Plaintiffs' claims for nonpayment of wages.

The evidence is undisputed that Plaintiffs were not employees of Defendant. (See UMF nos. 4, 5, 12, 13, 19, 20, 28, 29, 37, 44, 50.)

The Third Cause of Action of Russ for Breach of Contract is barred because the undisputed evidence shows that Defendant complied with the terms of the lease, which are controlling; Any prior or subsequent discussions between the parties are irrelevant. (See UMF nos. 1-33, 56, and evidence cited therein.)

The Fourth Cause of Action of Russ for Elder Abuse is also barred because the undisputed evidence shows that Defendant complied with the terms of the lease, which are controlling. (See UMF nos. 1-33, 56, and evidence cited therein.)

The Fifth Cause of Action of Russ and Sixth Cause of Action of Wheelers for Quantum Meruit are barred because their services for Defendant were governed by the terms of the lease as authorized by the Education Code Section 17574. The undisputed evidence shows that Plaintiffs understood and expected that they would receive Defendant's land for residential use for performing vandal watch services. The undisputed evidence shows that Plaintiffs did not expect to receive wages for performing vandal watch services. (See UMF nos. 3-5, 11, 13, 14, 18, 21- 23, 27, 30- 32, 36, 37, 38, 41, 43, 44, 46, 49, 50-53, 56, and evidence cited therein.)

The Seventh Cause of Action for Misrepresentation is barred because the undisputed evidence shows that Defendant complied with the terms of the lease, which are controlling; Any alleged prior or subsequent discussions between the parties are irrelevant. (See UMF nos. 1-33, 56, and evidence cited therein.)

The Request of Defendant for Judicial Notice of Volume I, Statutes of California and Digests of Measures 1975, Chapter 236, Section 1, pages 622-633 is GRANTED. (See Evidence Code §451(a).)

The court DECLINES to rule on Defendant's Objections to Evidence Filed in Opposition to Defendant's Motion for Summary Judgment or in the Alternative Summary Adjudication because the objections are in the improper format (see CRC, rule 3.1354(b)) and Defendant did not submit a proposed order. (See CRC, rule 3.1354(c).)

Defendant's Alternative Motion for Summary Adjudication is DROPPED as moot in light of the court's ruling on the Motion for Summary Judgment.

Defendant is entitled to a Judgment of Dismissal. Defendant is to provide a form of judgment within seven days directly to Department 31.

Dated:  08/01/2007

_____
Judge Frank Roesch

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Russ VS Fremont Unified School District | HG05239834 |

ADDITIONAL ADDRESSEES

Edrington, Schirmer, & Murphy
Attn: Edrington, Peter P.
The Terraces
2300 Contra Costa Bl., Ste.450
Pleasant Hill, CA   94523