United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HESS,

    Plaintiff,

v.

FREMONT UNIFIED SCHOOL DISTRICT,

    Defendant.
_____/

No. C 08-02399 JSW
No. C 08-02400 JSW
No. C 08-02401 JSW

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING THE CASE**

Defendants' motion to stay is fully briefed and ripe for decision. The Court finds the motion suitable for disposition without oral argument. N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 9, 2009 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion to stay.

In exceptional circumstances, district courts may stay or dismiss an action pursuant to the Colorado River Doctrine when there are concurrent state and federal proceedings involving the same matter. *Moses H. Cone Memorial Hosp. v. Mercury Center*, 460 U.S. 1, 14-15 (1983). The Ninth Circuit has explained, "in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings. This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir.1989) (quotations omitted). To determine whether to stay or dismiss a case, courts consider the following factors: "(1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; ... (4)

the order in which the forums obtained jurisdiction; ... (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights." *Id.* (internal citations omitted). In the Ninth Circuit, courts should also consider whether the second suit is an "attempt to forum shop or avoid adverse rulings by the state court," as well as the threshold issue of whether the state and federal actions are "substantially similar." *Id*. at 1417. Courts must not apply the checklist mechanically, but rather, carefully balance the important factors as they apply in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*., 460 U.S. at 16.

The key dispute between the parties is whether the state and federal actions are substantially similar. As the Ninth Circuit has explained, "exact parallelism" between the two actions is not required. *Nakash*, 882 F.2d at 1416. Rather, it is adequate if the state and federal actions are "substantially similar." *Id*.

In *Nakash*, the federal action involved slightly different parties and similar, but not identical causes of action. The court found that the two actions were substantially similar. *Id*. The court reasoned that the disputes in both actions arose out of the same conduct. *Id*. Similarly, in *Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.*, 896 F. Supp. 973, 976 (N.D. Cal. 1995), although the federal and state claims were not identical, they both arose out of the same dispute between two of the same parties. The court noted that the basis for the federal claims were encompassed within the state law claims as evidence. Moreover, the crux of the allegations were the same in both forums. *Id*. Thus, the court concluded that although the two matters did not raise identical factual or legal issues, the two actions were substantially similar so as to justify applying the *Colorado River* doctrine. *Id*.

Here, the two matters involve the same parties and the Court finds that the claims are similar. In the state action, the state and federal claims are all premised on the same interactions between the parties. Plaintiffs in the various related cases seek past wages and overtime pay under the Fair Labor Standards Act and have also alleged in separate actions in state court that they are entitled to back wages and overtime pay under the California Labor Code. Defendants contend that the lawsuits all arise out of the lease of school property to

2

Plaintiffs for residential use under the Vandal Watch Program in exchange for surveillance services at school sites during off-hours. The various Defendants in the related actions assert that such lease agreement are authorized under California Education Code § 17574 and that they have fully complied with the terms of the lease agreements. The state and the federal actions both concern the scope and legality of the arrangements between the parties. Thus, the Court concludes that the matters are substantially similar as to justify applying the *Colorado River* doctrine.

Considering the remaining factors, the balance tips strongly in favor of this Court issuing a stay. Issuing a stay would avoid piecemeal litigation. The state court action was filed first and has progressed substantially. The trial court has already granted summary judgment against Plaintiffs, and Plaintiffs have appealed. Plaintiffs had not even filed the actions in federal court until after the state court issued its order on the motion for summary judgment. Thus, it appears as though Plaintiffs are forum shopping to avoid the state court's adverse ruling. "[A]n attempt to forum shop or avoid adverse rulings by the state court. ... weighs strongly in favor of abstention." *Nakash*, 882 F.2d 1411.

If the state proceeding turns out not to be adequate to protect the parties' rights, those proceedings would not necessarily preclude Plaintiffs from litigating related claims in this forum. Therefore, this factor does not weigh heavily, if at all, against issuing the stay.

The remaining factors are either irrelevant or do not tip the balance against issuing the stay. Accordingly, the Court concludes that issuing a stay would be proper. Defendants' motion is hereby GRANTED.

The Clerk of the Court is directed administratively to close the case for statistical purposes. The parties shall notify the Court within ten days of the resolution of the state court matter, and this entire matter shall thereafter be reopened.

**IT IS SO ORDERED.**

Dated: January 5, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3